TERI T. PHAM (SBN 193383)
tpham@epgrlawyers.com
JESSE K. BOLLING (SBN 286267)
jbolling@epgrlawyers.com
MICHAEL F. PINTO (SBN 340775)
mpinto@epgrlawyers.com
**ENENSTEIN PHAM GLASS & RABBAT LLP**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
Tel.: (714) 292-0262

Attorneys for Plaintiffs
Global Tech Industries Group, Inc. and David Reichman

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL TECH INDUSTRIES GROUP, INC., a NEVADA corporation; and DAVID REICHMAN, an individual<br><br>    Plaintiffs,<br><br>  v.<br><br>RICHARD A. HOFMAN, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-05615<br><br>**COMPLAINT FOR:**<br><br>  1. **Defamation – Libel/Slander**<br>  2. **Trade Libel**<br><br>**[DEMAND FOR JURY TRIAL]** |

1
COMPLAINT

Plaintiffs Global Tech Industries Group, Inc. ("GTII") and David Reichman ("Reichman") (collectively "Plaintiffs") are informed and believe and therefore allege the following against Defendants Richard A. Hofman ("Hofman"), and DOES 1 through 10, inclusive, (collectively "Defendants").

## INTRODUCTION

1. Since at least February 2024, Richard Hofman has engaged in a smear campaign against GTII, spreading false and malicious lies about GTII, its Board of Directors and Chief Executive Officer, David Reichman.

2. Hofman is a serial social media persona, who posts videos and commentary online masquerading as financial advice. Upon information and belief, Hofman operates a YouTube channel entitled "KNOT LEGAL ADVICE" (@Knotlegaladvice280). The channel purports to give a "view of current legal issues from the perspective of a practicing lawyer with over 30 years' experience." As of June 2024, the channel has over 235 videos and more than 3,860 subscribers. Upon information and belief, Hofman operates an X (formerly Twitter) account entitled @Rahraw999. As of June 2024, this account has over 4,417 posts and more than 5,079 followers.

3. Among other things, Hofman repeatedly misstates and obfuscates GTII's financial statements to mislead and fear-monger shareholders and the public. On information and belief, Hofman is not a CPA, auditor, or accountant, and either does not know how to read financials or is intentionally misstating them in order to pursue his own goals of destroying any and all confidence and faith shareholders have in the board and management of GTII.

4. Hofman moreover repeatedly states that GTII has intentionally turned down and destroyed billions of dollars in business deals in order to damage GTII. These accusations are wholly false and lack any basis in fact. These statements serve only to undermine and damage GTII, its board, and management.

5. While Hofman self-aggrandizes as a proclaimed "white knight," in reality he appears to be nothing more than a delusional failed attorney. Most recently, Hofman brought an action against Fidelity and FINRA which he was forced to "voluntarily" dismiss after multiple

1  losses in Federal court and arbitration proceedings. Hofman has also been disciplined and
2  suspended by the California State Bar on multiple occasions.
3      6.    GTII accordingly has been left with little choice, but to file this lawsuit in order to
4  protect the company and preserve shareholder value.

## THE PARTIES

7.    Plaintiff GTII is a Nevada corporation that at all times mentioned in this Complaint, maintains its principal place of business in the City of New York, State of New York.

8.    Plaintiff Reichman is an individual that at all times mentioned in this Complaint, has been a resident of the City of New York, State of New York.

9.    On information and belief, Defendant Hofman is an individual, that at all times mentioned in the Complaint, has been a resident of the City of Agoura Hills, County of Los Angeles, State of California.  Hofman is an attorney presently licensed to practice law in the State of California, but has on multiple occasions been disciplined or suspended by the California State Bar.

10.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, and Plaintiffs therefore sue such defendants by such fictitious names and will amend this Complaint to show the true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the parties designated as a DOE was acting in the capacity as an agent, employee, representative or alter ego of the Defendants named herein and is responsible in some manner for the acts alleged herein and thereby proximately caused injuries and damages to Plaintiffs as herein alleged.

## JURISDICTION AND VENUE

11.    Jurisdiction is proper because the acts and/or omissions alleged herein were committed, and the harm suffered, within the State of California.

12.    Venue is proper in Los Angeles County and the Central District of California because at least one of the Defendants resides within Los Angeles County, State of California.

13.    This action seeks an amount in excess of the jurisdictional minimum of this Court.

**COMMON ALLEGATIONS**

14. Plaintiff GTII is a publicly traded company specializing in the pursuit of acquiring new and innovative technologies. The company works across various and diverse industry sectors to find potential partners and assist them in animating their business plans or facilitating them through joint venture, or stock purchase, to spin out on their own.

15. Plaintiff Reichman is the Chief Executive Officer of GTII, and has been the Chairman of the Board of GTII for over fifteen years. Prior to joining GTII, Reichman maintained a Business Management and Tax Law consulting group, and he is licensed by the US Treasury/Internal Revenue Service. Reichman also previously worked for The American Express Company where he held several positions, including Manager of Budget and Cost. During his tenure at American Express, he developed, along with Control Data Corporation, a Flexible Budgeting System for Management Control of International Operations, and the use of Time-Share computer equipment.

16. From at least February 2024 to the present, Defendant Hofman published numerous offensive and false statements regarding GTII's Board of Directors and Reichman to others on his YouTube videos and in X (formerly Twitter) postings.

17. Among other defamatory statements, Hofman made the following false statements:

    a. GTII management diluted, stole, and/or misappropriated money from GTII (YouTube, $GTII The story explained, May 25, 2024, https://www.youtube.com/watch?v=5k1VQ-TNNc4; YouTube, GTII update & MMTLP, April, 27, 2024, https://www.youtube.com/watch?v=tT-DcsPGjyY);

    b. GTII management "looted the blank out of this company" (YouTube, $Kramer $GTII $MMTLP, May 14, 2024, https://www.youtube.com/watch?v=gpBqg5folhI);

    c. GTII management is engaged in criminal conduct and would end up in jail (YouTube, $GTII $ALPINE The Shenanigans Part 1, May 4, 2024, https://www.youtube.com/watch?v=pA8wYpgHmj8);

    d. GTII senior management is not mentally competent (YouTube, $GTII $ALPINE The Shenanigans Part 1, May 4, 2024, https://www.youtube.com/watch?v=pA8wYpgHmj8; YouTube, $GTII "SR" MANAGEMENT SEEMINGLY ADMIT MATERIAL INCOMPETENCE, April 13, 2024, https://www.youtube.com/watch?v=PfkzwWqE_ic);

    e. GTII management was engaged in criminal conduct, including defalcation, fraud, securities fraud, and bad faith (YouTube, $GTII $ALPINE The Shenanigans Part 1, May 4, 2024, https://www.youtube.com/watch?v=pA8wYpgHmj8);

    f. GTII management was engaged in a systematic attempt to mislead shareholders (Hofman email to info@gtii-us.com, March 8, 2024);

    g. GTII management had violated their fiduciary duties, and was engaged in ongoing unethical conduct (YouTube, $GTII $ALPINE The Shenanigans Part 1, May 4, 2024, https://www.youtube.com/watch?v=pA8wYpgHmj8);

    h. GTII management conspired with others, including GTII's former auditors, to hide or cover up insider trading activities (YouTube, $GTII $ALPINE The Shenanigans Part 1, May 4, 2024, https://www.youtube.com/watch?v=pA8wYpgHmj8);

    i. GTII management intentionally turned down and destroyed billions of dollars in business deals in order to damage GTII (YouTube, $GTII "SR" MANAGEMENT SEEMINGLY ADMIT MATERIAL INCOMPETENCE, April 13, 2024, https://www.youtube.com/watch?v=PfkzwWqE_ic);

    j. GTII has lost hundreds of millions in revenue while continuing to pay its executives' salaries (YouTube, $GTII 10K IS NAUSEATING AND SHOCKING, April 16, 2024, https://www.youtube.com/watch?v=S96ajQchYzU);

    k. GTII has issued counterfeit shares (YouTube, $GTII WE ARE NOT GULLIBLE, June 19, 2024, https://www.youtube.com/watch?v=R0Nx5lpfCLM);

    l.   Reichman was acting with "improper purposes" and was "diverting assets" (YouTube, $GTII $ALPINE The Shenanigans Part 1, May 4, 2024, https://www.youtube.com/watch?v=pA8wYpgHmj8).

    m.   "Management is trying to let Gtii die. They did not do their last filing." (X, 9:15AM, 6/5/24).

18.    Each of these statements were completely false and made by Hofman without any factual basis with the intent to cause damage and harm to GTII and its Board of Directors, including Reichman.

## FIRST CAUSE OF ACTION

### Defamation – Libel/Slander

**(By all Plaintiffs against all Defendants)**

19.    Plaintiffs incorporate by reference all of the allegations stated in Paragraphs 1 through 18, inclusive, as if fully set forth herein.

20.    As alleged above, from at least February 2024 to the present, Defendant Hofman published numerous offensive and false statements regarding GTII's Board of Directors and Reichman to others on YouTube videos and in X postings.

21.    Because of the nature of Hofman's false statements, Hofman's false statements tended to injure GTII and Reichman in their occupation and/or expose them to hatred, contempt, ridicule, shame, or to discourage others from associating or dealing with them.

22.    The recipients of these defamatory statements reasonably understood Hofman's statements to mean that, among other things, Plaintiffs GTII's Board of Directors and Reichman, had committed fraud, engaged in criminal misconduct, or had breached their duties to the public and shareholders.

23.    Hofman failed to use reasonable care to determine the truth or falsity of his statements, and to the contrary, knew his statements to be false and published them solely in furtherance of his apparent vendetta against GTII's Board of Directors and management.

24.    Hofman's statements were not privileged.

25. As a proximate result of the acts of defendants described herein, Plaintiffs GTII, Reichman, and Rahbari have suffered damages in an amount to be determined at trial, but which Plaintiffs believe to be in excess of $1,000,000.

26. The conduct of Hofman as described above was undertaken with the intent to injure, or with a willful and conscious disregard of Plaintiffs' rights, and constitutes oppressive, malicious, and fraudulent conduct warranting an award of punitive damages in an amount appropriate to punish and set an example of Defendants.

## SECOND CAUSE OF ACTION

### Trade Libel

**(By Plaintiff GTII against Defendants Hofman and DOES 1 through 10, inclusive)**

27. Plaintiffs incorporate by reference all of the allegations stated in Paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. Hofman's false and defamatory statements disparaged the quality of GTII's product and/or services. Hofman's defamatory statements serve only to undermine and disparage GTII and its Board, and sow dissent and mistrust amongst its shareholders and the public — discouraging investment and growth opportunities.

29. Hofman made these false statements to persons other than Plaintiffs.

30. Hofman failed to use reasonable care to determine the truth or falsity of his statements, and to the contrary, knew his statements to be false and published them solely in furtherance of his apparent vendetta against GTII's Board of Directors and management.

31. Hofman knew or should have known that others may act in reliance on his false and defamatory statements, causing GTII financial loss.

32. Hofman's statements were not privileged.

33. As a proximate result of the acts of Defendants described herein, Plaintiff GTII has suffered damages in an amount to be determined at trial, but which Plaintiffs believe to be in excess of $1,000,000.

## **PRAYER FOR RELIEF**

WHEREFOR, Plaintiffs Global Tech Industries Group, Inc. and David Reichman pray for judgment in their favor and against Defendant Richard A. Hofman and Does 1-10 as follows:

1. For general and compensatory damages in an amount to be proven at trial;
2. For attorney's fees as allowed by law;
3. For punitive damages in an amount to be proven at trial;
4. For costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

Dated: July 2, 2024              **ENENSTEIN PHAM GLASS AND RABBAT, LLP**

By: _____
Teri T. Pham
Jesse K. Bolling
Michael F. Pinto
Attorneys for Plaintiffs Global Tech Industries
Group, Inc. and David Reichman

# DEMAND FOR JURY TRIAL

Plaintiffs Global Tech Industries Group, Inc. and David Reichman hereby demand a trial by jury of all matters triable by jury in the above-entitled matter.

Dated: July 2, 2024          **ENENSTEIN PHAM GLASS AND RABBAT, LLP**

By: _____
Teri T. Pham
Jesse K. Bolling
Michael F. Pinto
Attorneys for Plaintiffs Global Tech Industries Group, Inc. and David Reichman