RICHARD HOFMAN ESQ. SBN 110692
29219 CANWOOD ST, NO 101,
AGOURA HILLS, CA 91301
Tel:    (818) 203-6777
EMAIL: Hofman.R@gmail.com

FOR Defendant

UNTIED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| GLOBAL TECH INDUSTRIES GROUP ET AL | Case No. 2;24-CV-05615-HDV-MAAx |
|---|---|
| Plaintiffs, | **Request for Judicial Notice Part 1 re Motion TO DISMISS** |
| V. | |
| RICHARD A. HOFMAN ET AL . | |
| Defendants. | Date: -10-24--2024<br>Time:    10AM<br> CTRM: HON JUDGE VERA<br>CR 5B 5TH FL |

TO THE HONERABLE COURT & TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff submits this request that the Court take Judicial Notice of Publicly filed Legal documents filed with Public Courts.:

## ATTACHED HERETO AND REQUEST FOR JUDICIAL NOTICE

1. AUGUST 26, 2024 Minute order from Nevada Court finding misconduct. A-24-896359-B

2. April 8, 2024 Hofman v Reichman et all case no 24STCV08715

Dated:

_____
RICHARD HOFMAN IN PRO SE

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| NRS Chapters 78-89 | COURT MINUTES | August 26, 2024 |
|---|---|---|

A-24-896359-B    White Rocks (BVI) Holdings Inc., Plaintiff(s)
vs.
David Reichman, Defendant(s)

| August 26, 2024 | 3:00 AM | Minute Order |
|---|---|---|

**HEARD BY:** Williams, Timothy C.        **COURTROOM:** Chambers

**COURT CLERK:** Victoria Mercer /vm

## JOURNAL ENTRIES

- After review and consideration of the points and authorities on file herein, supplemental briefing, and oral argument of counsel, the Court determines as follows:

NRS 78.650 provides that anyone holding ten percent (10%) of the outstanding shares of a corporation can apply to the court for a receiver, including circumstances where the directors have been guilty of fraud or where the corporation's assets are in danger of waste or lost, among other similar circumstances. Additionally, NRS 32.010(5) provides that a receiver may be appointed "when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." Finally, the Nevada legislature has provided for the appointment of a receiver in any case where "receivers have heretofore been appointed by the usages of the courts of equity." NRS 32.010(6).

Additionally, when it appears that irreparable injury will result, the appointment of a receiver is appropriate, even without notice to necessary or interested parties. *Maynard v. Railey*, 2 Nev. 313 (1866). While the appointment of a receiver is generally, "a harsh and extreme remedy" (*Hines v. Plante*, 99 Nev. 259, 261, 661 P.2d 880, 881 (1983)), "the appointment of a receiver is an action within the trial court's sound discretion and will not be disturbed absent a clear abuse." *Medical Device Alliance, Inc. v. Ahr*, 116 Nev. 851, 862, 8 P.3d 135, 142 (2000) (quoting *Nishon's Inc. v. Kendigi*an, 91 Nev. 504, 505, 538 P.2d 580, 581 (1975)); see also *Peri–Gil Corp. v. Sutton*, 84 Nev. 406, 411, 442 P.2d 35, 37 (1968); *Bowler v. Leonard*, 70 Nev. 370, 383, 269 P.2d 833, 839 (1954).

Moreover, the Court is familiar with the applicable analysis that occurs under NRCP Rule 65. Consequently, the Court has considered 1) Plaintiffs' substantial likelihood of success on the merits, 2) Plaintiffs' irreparable harm, and 3) the balancing of equities and hardships, including public interest.

The Court finds that regarding the first factor, Plaintiffs will likely prevail on their claims against Global Tech Industries Inc.'s (GTII) current management, defendants David Reichman, Kathy M. Griffin, Frank Benintendo, Donald Gilbert (collectively "Management"). Specifically, Management: (1) grossly mismanaged the Company by (a) failing to file required disclosures, (b) causing the Company to be delinquent with the OTC Markets Group (OTC) and Securities and Exchange Commission (SEC), and (c) violating securities laws and regulations; (2) grossly mismanaged the Company by (a) filing materially false, misleading, and incomplete disclosures; and (b) intentionally omitting material information from its disclosures; (3) grossly mismanaged the Company by (a) personally enriching themselves at the expense of GTII and its stockholders, (b) converting Company assets, and (c) issuing shares to benefit themselves, family members, friends, affiliates, and other related parties; and (4) put GTII in immediate, imminent danger of being delisted by the OTC, or worse, potential regulatory action by the SEC. These facts are supported by the OTC's finding that Management has engaged in a continued pattern of fraudulent behavior and material omissions to the public.

Regarding the second factor, the Court finds Plaintiffs, GTII, and its other shareholders will suffer immediate, severe and irreparable harm unless GTII and its Management are enjoined from further issuances, transfers, and further fraudulent disclosures and omissions. Plaintiffs, GTII, and its shareholders, including those who purchased interests in the public market, will suffer immediate, severe and irreparable harm unless the temporary restraining order is issued to prevent further transfers of GTII shares, prevent further injury to GTII's assets, and to prevent further fraudulent disclosures and material omissions by GTII's Management team.

Finally, regarding the third factor, the Court finds that the balance of hardships favors Plaintiffs. In this case, the balance of the hardships heavily favors Plaintiffs. Management has already caused GTII to issue fraudulent financial disclosures, omit material information to the public and shareholders, and caused net operating losses exceeding $96 million dollars over the last two years. Management's actions have endangered GTII's ability to continue to raise capital on capital markets, caused it to violate federal laws, and caused it to suffer serious financial losses. Thus, any further transfers or disclosures by GTII pertaining to GTII's assets will result in immediate and irreparable harm to GTII, its shareholders, and uninformed investors.

Under Nevada law, NRS 78.650 provides that anyone holding ten percent (10%) of the outstanding shares of a corporation can apply to the court for a receiver, including circumstances where the directors have been guilty of fraud or where the corporation's assets are in danger of waste or lost among other similar circumstances. Further, the Court determines that Plaintiffs have: (1) standing on the ten (10%) ownership; (2) sufficient facts supporting a receiver under NRS 78.650(1), subsections (b) and (c) were submitted to the Court; and (3) Management's conduct under NRS 78.650(4) is disqualifying the current managers from serving as the receiver.



As a result, the Court shall grant Plaintiffs' request to appoint a receiver and issue a temporary restraining order. Plaintiffs shall post a bond for $5,000.00 as a condition to granting the injunction.

Consequently, the Court **GRANTS** *Plaintiffs' Ex Parte Motion to Appoint Receiver and Issue a Temporary Restraining Order on an Order Shortening Time.*

Counsel on behalf of Plaintiffs shall prepare a detailed Order, Findings of Fact, and Conclusions of Law, based not only on the foregoing Minute Order but also on the record on file herein. This is to be submitted to adverse counsel for review and approval and/or submission of competing Orders or objections prior to submitting to the Court for review and signature.

CLERK'S NOTE: A copy of this minute order was distributed via Odyssey File and Serve. /vm (08-26-24)

Richard Hofman, Esq. (SBN 110692)
29219 CANWOOD ST, NO 101
AGOURA HILLS, CA 91301
Telephone: (818) 203-6777
EMAIL: hofman.r@gmail.com

Attorney for PLAINTIFF

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/08/2024 8:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

## SUPERIOR COURT FOR STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RICHARD HOFMAN | Case No. 24STCV08715 |
| PLAINTIFF, | |
| vs. | COMPLAINT |
| | FOR: |
| DAVID REICHMAN; KATHY GRIFFIN; FRANK BENINTENDO & DOES 1-100, INCLUSIVE | 1. DECLARATORY RELIEF<br>2. FRAUD;&<br>3. BREACH OF FIDUCIARY DUTY |
| DEFENDANTS. | |

COMES NOW Plaintiff, complaining of the DEFENDANTS, and each of them, to wit:

COMPLAINT

Page 1

4

1. At all times relevant to this action, Plaintiff is a resident of Los Angeles County. Plaintiff is the owner of approximately 30.000 shares of Global Tech Industries Inc ("GTII") and brings these claims personally against senior management for various violations and in the interests of all shareholders of GTII.

2. Defendant, David Reichman ("DR"), is the Chairman of the Board, CEO and CFO of GTII. He is also believed to be the largest shareholder. Upon information and belief, DR has and currently resides in Beverly Hills, Ca and conducts the daily business related to his control of GTII out of Beverly Hills, Ca (in effect also the nerve center of GTII). GTII is undercapitalized and Plaintiff is informed and believes that DR is using GTII as his personal piggybank. That includes, on information and belief, while not operating any business, nor generating any revenue, diluting other shareholders such as Plaintiff by wrongfully providing discounted shares of GTII to himself and other directors harming shareholders such as plaintiff and selling such shares off while providing no value to shareholders. GTII is an acquisition company who through DR"s leadership over the past couple of years has done little if any acquiring and has spent millions of dollars in paying himself and other executives shareholder's equity. DR so dominates the existence and capital structure of GTII that the fiction of separateness cannot be honored and in effect DR is the alter ego of DR and is personally liable for all damages caused to shareholders of GTII.

3. Defendant Kathy Griffin ("KG") is the President of GTII and a Director. Defendant Frank Benintendo("FB") is a director and vice chairman of the board of GTII. Both helped DR facilitate his improper control of GTII and have personally benefited by receiving shares of stock (which they can and have disposed of in part) without earning same and diluting investors such as Plaintiff. Plaintiff does not yet know but suspects that other officers or directors of GTII may also

COMPLAINT

Page 2



have liability for the acts claimed herein. When ascertained, they will be added to the complaint as Does.. As a remedy for all officers and directors Plaintiff is also seeking the disgorgement of all wrongfully acquired shares of GTII and their retirement for the benefit of Plaintiff and other shareholders. Plaintiff alleges on information and belief that Both KG and FB, as well as all of the other officers and directors of GTII, have had significant contacts with DR in Southern California up to the date of the filing of the instant complaint..

4.. Upon information and belief, Defendants, at al times relevant herein, acted with the intention to harm retail investors or with complete and reckless indifference to their reasonable interests. All named Defendants were doing business within Los Angeles, County at all pertinent times through DR. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such Defendants proximately caused such injuries and damages, and each of them. As referenced above, that may include, but not limited to, the other officers and directors of GTII as ascertained.

5..Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency, employment and/or joint venture.

COMPLAINT

Page 3

6.. As these processes required multiple parties to complete the transaction, and since all defendants were aware of and participated in each, directly or indirectly, they all have responsibility for the conduct which ensued.

7. At all times relevant hereto, Defendants, and each of them, and enhanced by the special relationship created by the fiduciary nature of the roles of the parties, owed a duty of care and good faith and fair dealing with regard to any transaction entered into by the parties and with regard to all of the dealings between Plaintiff and Defendants as alleged herein, and certainly had a elevated and special duty of care to the shareholders of GTII

8. Plaintiff is informed and believes, and thereon alleges, that the Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on Plaintiff's claims or assertions only, and are not to be taken as judicial admissions by Plaintiffs of any fact or facts in dispute in this action.

### FIRST CAUSE OF ACTION FOR RELIEF:DECLARATORY RELIEF

(AGAINST ALL DEFENDANTS)

9. Plaintiff REINCORPORATES BY REFERENCE Paragraphs 1 through 8 above as if set forth in full hereat.

10. Plaintiff alleges the stated purpose and mission statement of GTII (overly controlled by Defendants) was to acquire other companies which they have admitted would be for the economic

COMPLAINT

Page 4

7

benefit of shareholders. It was known that an acquisition and only an acquisition could guarantee investors the chance at profitability through GTII within a reasonable period of time. Plaintiff is informed and believes and thereon alleges that despite the mission statement of GTII that defendants, and each of them, over the past couple of years at least, had no intention or interest in acquiring any companies or in facilitating any other beneficial material transaction for GTII shareholders. Instead, through their discounted acquisition and sale of stock, and otherwise, and in an undisclosed way with concealed tortious intent, intended to dilute existing shareholders and sell their own shares to further dilute existing shareholders-to generate funds to support their lavish lifestyles (Looting GTII to the detriment of Plaintiff). Over the past two years, on multiple occasions, in filings and otherwise, Defendants intentionally misled and lied to shareholders though the named Defendants by citing interactions with certain deal makers and principals (like involving Trento, an AI transaction, A water deal and others) to represent a coming transaction while at the same time being so unreasonable and overdemanding with those same deal makers and principals making the consummation of any transaction with Defendants and GTII impossible. In 2022 & 2023 and part of 2024 Defendants intentionally gave shareholders a false impression so they would support the company and provide the means to support Defendants' lifestyles. Plaintiff reasonably relied on the false impressions intentionally provided by Defendants to purchase his GTII shares and to retain them.

11. Plaintiff alleges, on information and belief, that a dispute exists between Plaintiff, on the one hand, and Defendants on the other. Namely that Plaintiff claims that Defendants committed fraud from 2022 to the current time and sold vast amounts of GTII securities given to them on

COMPLAINT

Page 5

favorable terms while falsely claiming they intended to undertake acquisitions which would benefit shareholders. Moreover Plaintiff alleges on information and belief, that in acquiring GTII shares, Defendants, in the improper technical matter in the way they acquired same, unnecessarily restricted GTII's access to capital and other investors further harming GTII shareholders (while intentionally concealing that information from Plaintiff and others). Plaintiff is further informed and believes that third parties who had tried to engage in acquisitions with Defendants, were treated badly, discouraged to go forward, incurred unnecessary expenses etc. at a time Defendants falsely represented to shareholders such as Plaintiff that they were attempting and likely to consummate a transaction for the benefit of shareholders. Moreover, on information and belief Plaintiff alleges that Defendants, and each of them, failed to comply with simple legal requirements when operating GTII as their personal stash.

12. Plaintiff is further informed and believes that in March 2024, Defendants, and each of them, also falsely and with fraudulent intent, provided false information and reaffirmed same on multiple times, that a substantive 10k filing addressing an ongoing acquisition attempt would be forthcoming on or before 3-31-2024. . No such filing occurred. Plaintiff relied on these representations too and would have sold his GTII shares at a higher price if Defendants had not confirmed that they would file a substantive 10K prior to 3-31-2024 (which discussed the consummation of an ongoing GTII transaction for the benefit of GTII shareholders). Plaintiff is informed and believes and alleges that Defendants did not file the 10K, as represented by Defendants in writing on 3-4-2024 and other times and delayed providing it contrary to what they represented in March 2024. Defendants misrepresented their intention re the 10K in order to permit

COMPLAINT

Page 6

4

Defendants to further loot GTII and harm investors like Plaintiff and to permit Defendants to sell more shares of GTII stock which were provided to them at substantially below market terms. Plaintiff is informed and believes and thereon alleges that Defendants will dispute the allegations offered by Plaintiff.

13. An immediate determination of the rights and obligations of the parties is needed. If the rights of plaintiff relative to Defendants are not adjudicated quickly, Plaintiff will suffer irreparable harm.

14. Plaintiff requests that the Court issue findings with regard to any alter ego claims, claims related to the sale of GTII stock and acquisition by Defendants, whether Defendants misled shareholders about the intentions of Defendants in terms of the business and whether the disgorgement and retirement of stock owned by Defendants is appropriate under the circumstances. (certainly as happened in the instant where the stock was manipulated and intentionally stolen away from Plaintiff and other shareholders). Plaintiff further asks that the Court order payment of monies to Plaintiff, per proof at trial, along with the return of any and all GTII stock held by any Defendants to be retired. .

15..Plaintiff alleges that as a proximate result of the misconduct of Defendants that he has been harmed according to proof. Moreover, that all stock held by Defendants should be disgorged back to the company for the retirement of all such shares. Moreover, Plaintiff requests the Court

COMPLAINT

order that all officers and directors who have sold GTII stock over the last 24 months must return the proceeds of such transactions to GTII shareholders.

16. There is an actual case and controversy related to the legal rights and duties of the respective parties that will be clarified or settled by the relief requested. Plaintiff is an investor and will face similar circumstances in the future. There is a dispute requiring an immediate determination for Plaintiff and the citizens of California...Plaintiff contends that Defendants have facilitated the looting of GTII to the detriment of Plaintiff and other shareholders of GTII. Plaintiff asserts that the other defendants are engaged in a criminal enterprise to repeatedly loot GTII. Plaintiff also asserts it is entitled to a damage award for such conduct and requests that the Court order the same.

## SECOND CAUSE OF ACTION FOR RELIEF:FRAUD

(AGAINST ALL DEFENDANTS)

17.. Plaintiff REINCORPORATES BY REFERENCE Paragraphs 1 through 16 above as if set forth in full hereat.

18. Over the last two years, concealed to Plaintiff and other shareholders, while publicly indicating that they would and are trying to undertake an acquisition for the benefit of shareholders (even specifying certain transactions they were working to close like Trento mines, an AI deal, A water deal) Defendants, and each of them, had zero intent in actually closing an acquisition. Moreover not only did Defendants, and each of them, have no interest in undertaking anything for the benefit of shareholders, which information they intentionally suppressed and concealed, but

COMPLAINT

Page 8

Defendants, and each of them, also concealed the fact that there only interest was to acquire discounted GTII shares and sell them for personal gain and at the detriment of Plaintiff and other shareholders. To further facilitate this concealed criminal intention, Defendants also hired consultants who admitted in 2024 no interest in engaging in acquisitions for GTII for the benefit of shareholders and who in fact undertook no material efforts to benefit shareholders other than Defendants. Plaintiff reasonably relied on the false promises presented and would have acted differently if the concealed material information withheld by Defendants had been timely provided. Upon information and belief Defendants' actions constituted improper stock manipulation violative of State and Federal securities laws.

19. In a further attempt to protect their personal interests and to keep the value of their own portfolios high, in early late February and March 2024, when pressed, repeatedly, Defendant's agent with the knowledge and consent of all Defendants, orally and in writing asserted that a 10K filing addressing the progress of consummating a transaction for the benefit of shareholders of GTII would be filed on or before 3-31-2024. As of 4-8-2024 there has been no such filing. If Defendants had indicated that no 10K would be forthcoming or it would have been late, Plaintiff would have taken actions to protect himself. Plaintiff has been harmed as a proximate cause as well as the harm occasioned by other shareholders. .

20. With regard to the allegations of Fraud asserted in Paragraphs 18-19 above, if said facts had not been concealed and if Plaintiff knew of the actual looting of the GTII, Plaintiff would not have purchased shares of Defendant. As a proximate result of the harm and actions of Defendant, Plaintiff has been damaged in a sum according to proof at trial. Plaintiff reasonably relied on Defendants' intentional misconduct to his damage. Defendants operated with an intention to

COMPLAINT

Page 9

defraud Plaintiff and other GTII shareholders at all times as evidenced by their suppression and concealment of material facts. Plaintiff has been proximately harmed by the active concealment by Defendants.

21. Defendants'. and each of their actions, were undertaken intentionally, with intent to harm people like Plaintiff and have in fact proximately harmed Plaintiff. As a result of the misconduct caused intentionally by Defendants, Plaintiff is entitled to an award of punitive damages according to proof. Defendants, and each of them, owing a fiduciary duty to Plaintiff and other GTII shareholders, fully abrogated their duty with ill will and evil intent and with the intention to harm GTII shareholders.

## THIRD CAUSE OF ACTION FOR RELIEF: BREACH OF FIDUCIARY DUTY

(AGAINST ALL DEFENDANTS)

22.. Plaintiff REINCORPORATES BY REFERENCE Paragraphs 1 through 21 above as if set forth in full hereat.

23. In their capacities as officers and directors of GTII, Defendants, and each of them, owed a fiduciary duty to Plaintiff. Per that duty, Defendants, who wrongfully exercised dominion and control over GTII, owed shareholders like Plaintiff, an affirmative obligation to exercise their

COMPLAINT

Page 10

13

best efforts on behalf and for the exclusive benefit of shareholders like plaintiff and shareholders alone and with loyalty and good faith specifically owed by them to shareholders..

24. Rather than concerning themselves about the interests of Plaintiff and other shareholders, Defendants, and each of them, not only so manipulated GTII against the interests of plaintiff and shareholders, but also looted and diluted the interests of Plaintiff by selling off stock, issuing more stock based compensation at a time they were falsely claiming to undertake a transaction that benefitted Plaintiff and shareholders. Defendants, and each of them, falsely suppressed their true intentions towards GTII and shareholders that they merely intended to use GTII as their personal piggybank.. This harmed plaintiff and the other shareholders of GTII.

25. Not only did Defendants, and each of them, not look out for the best interests of shareholders like plaintiff in the Defendant dominated structure, but their greedy self-interested action caused financial harm to plaintiff and other shareholders. Moreover, Defendants, and each of them, knew that their actions would harm Plaintiff and other shareholders but did not care and continue to this day to provide false information about their true intentions in violation of their duties owed to shareholders of GTII..

26. As a proximate result of the breach of fiduciary duty intentionally perpetrated by Defendants, and each of them, . Plaintiff's stock has been devalued and he has suffered damages according to proof. Had Defendants done the job they represented; the value of Plaintiff's shares would be substantially greater according to proof at trial.

27. Defendants'. and each of their actions, were undertaken intentionally, with intent to harm people like Plaintiff and have in fact proximately harmed Plaintiff. As a result of the misconduct caused intentionally by Defendants, Plaintiff is entitled to an award of punitive damages according

COMPLAINT

Page 11

14

to proof and for all damages proximately caused to him by the actions and omissions of Defendants.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief as referenced in each Cause of Action as follows:

*As to all causes of action where applicable*:

1. FOR AN ORDER DIRECTING THAT DEFENDANTS DISGORGE ALL OF THEIR SHARES OWNED OF GTII TO BE RETIRED BY GTTI AND TO REPAY ALL REVENUE GENERATED BY THE SALE OF SHARES OVER THE LAST 24 MONTHS.;
2. FOR ALL DAMAGES PROXIMATELY CAUSED BY DEFENDANTS;
3. FOR PUNITIVE DAMAGES ACCORDING TO PROOF;
4. FOR ALL COSTS INCURRED;
5. FOR AN ORDER OF THE COURT DECLARING THE ACTIONS OF DEFENDANTS AS FRAUDULENT AND INTENTIONAL;
6. FOR A FULL AND COMPLETE ACCOUNTING;
7. FOR SUCH OTHER AND FURTHER RELIEF THAT THE COURT DEEMS JUST AND PROPER.

COMPLAINT

Dated: April 7, 2024          RICHARD HOFMAN

By: _____
for Plaintiff

COMPLAINT

Page 13

16