RICHARD HOFMAN ESQ. SBN 110692
29219 CANWOOD ST, NO 101,
AGOURA HILLS, CA 91301
Tel:    (818) 203-6777
EMAIL: Hofman.R@gmail.com

FOR Defendant

UNTIED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

GLOBAL TECH INDUSTRIES GROUP
ET AL

          Plaintiffs,

          V.

RICHARD A. HOFMAN ET AL
.

          Defendants.

Case No.  2;24-CV-05615-HDV-MAAx

**Declaration of Richard Hofman in
SUPPORT OF SPECIAL MOTION TO
STRIKE  ANTI-SLAPP MOTION AND
REQUEST FOR SANCTIONS PER
CCP425.16 AGAINST ALL PLAINTIFFS
AND COUNSEL  IN THE AMOUNT OF
$5,044**

Date:  -10-24--2024
Time:    10AM
 CTRM: HON JUDGE VERA
5B-5TH FLOOR
350 W 1ST ST LA, CA 90012

TO THE HONERABLE COURT & TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff submits this declaration in support of its  CCP 425.16  ANTI-SLAPP MOTION & MONETARY

sanction request as follows:

DECLARATION OF RICHARD HOFMAN IN SUPPORT OF SPECIAL MOTION TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DECLARATION OF RICHARD HOFMAN

I, Richard Hofman, present this declaration in support of the Special Motion to Strike et al motion for terminating and monetary sanctions. A subsequent Rule 11 motion, already served, will be filed if the First amended Complaint is not withdrawn and dismissed with prejudice in the statutory time frame and will also be  incorporated herein by reference in total.. As the Motion to Dismiss and Request for Judicial Notice  are intimately linked to the Special Motion to Strike and delineate some of the procedural grounds for dismissing this action (especially as to absolute defenses) the entirety of the Motion to Dismiss and Requests for Judicial notice has been incorporated herein by reference as if stated in full in the Special  Motion to Strike.  If the Rule 11 motion goes forward that includes other grounds for imposing  a dismissal and will also be incorporated herein by reference. The following facts, above and below, are true and correct and based on my own personal knowledge.

1. I  am a licensed California attorney with no restrictions and in good standing with the California Bar. In my opinion, the action filed by Plaintiffs and Plaintiffs' counsel is patently threatening and harassing, frivolous, mean spirited and designed to suppress my constitutional rights of free speech as guaranteed by the First amendment of the U.S. Constitution.

2. Besides the fact the there is no basis for their First amended complaint ("FAC"), GTII and their COUNSEL, intentionally, had a process server accost me with a copy of a previously provided meaningless retraction  letter to my home **at 630am on a Sunday**. A true and correct copy of the retraction letter,  my emailed response and questions about legal fees is attached hereto as  Exhibit 1 and like all of the exhibits attached  are incorporated herein by reference. The inappropriate intrusion and threat came at 630am on a Sunday morning **at my home at an**

1   **address not reflected on the retraction  letter and-delivered as a threat of physical**

2   **violence**.. I know that the intrusion at my house was only intended to be harassing as Plaintiff

3   never clarified the issues I raised in my email and raised by their ambiguous retraction letter (and

4   never sought retraction of purported defamatory statements made about Mr. Rahbari.)

5   Thereafter, after I brought a jurisdictional defect in their original complaint to their attention, I

6   agreed to let them correct it and let them file a FAC without  responding (This is certainly

7   relevant to the Anti-Slapp and Motion to Dismiss). Instead of just correcting the jurisdictional

8   paragraph as agreed in a FAC, they added a new plaintiff and additional allegations that are

9   obviously privileged and not defamatory (FAC).

10

11  3. A Nevada action is ongoing against the GTII crew for Breach of Fiduciary Duty. That case is

12  relevant to all the statements at issue in this action. In a recent proceeding seeking the

13  appointment of a receiver in Nevada, I am one of about 250 plaintiffs, GTII and Director counsel

14  unilaterally admitted, **without justifying it  in any manner**, that directors gave themselves

15  Company Stock (apparently at least 36 million shares valued at over 45 million dollars when

16  provided in January 2023**) on a transaction that had not and never closed** (and despite the

17  company having generated zero revenue and huge losses over multiple years). The Nevada

18  Judge (Judge Williams) was  incredulous as to the explanation. He did not understand how stock

19  could be issued before a deal closed and found the inadvertent and erroneous language

20  preposterous amongst many other concerns he expressed as especially reflected in Page 2 of his

21  Minute Order (See RJN Part 1 No. 1 attached to the Motion to Dismiss and incorporated herein

22  by reference.). Subsequently, because of the various misconduct by GTII management, a minute

23  order was issued and  Receiver has been appointed. (See RJN Part 1 No.1 incorporated herein by

24  reference). The  complaint in the Nevada action and Application for a Receiver are filed under

25  Separate cover as RJN PART 2 & PART 3 filed with the Motion to dismiss and incorporated

26  herein by reference.

27

28

4. I have a small YouTube channel called "Knot Legal Advice." I currently have just under 4,000 subscribers so it would be considered a very small channel. Of that, I do not know how many subscribers know of or are interested in GTII. My channel covers things other than GTII. If you watched my channel on a regular basis you would note that as a general rule, and at the beginning of my videos, I state this is not legal advice (see title), do not rely on anything you hear, do your own work, etc. I also often state in addition to the above that this is just my opinion only. Thus my intention is to provide a personal view, not advice to rely upon, and that is clear. I truly try to make clear throughout my videos that these are only my personal views and that viewers should do their own work. Additionally, if someone watches a video I have no way of knowing if they even watched the entirety of the video (or relevant part) and what parts and whether they understood it. Plaintiffs **FAC doesn't even provide any indication where in a 28 minute video a purported theme or quote is referenced**.


5.Often nearly all viewers will never get to the end of a 28 minute video touching on numerous issues. Often when I watch videos I have divided attention. As YouTube and twitter are social media platforms it is the common understanding that they are platforms for opinion not fact and that is how I understand it. I certainly do not offer financial advice and do not purport to do same. My videos generally take a legal view (e.g. like a review of Supreme court matters, legal proceedings involving Tesla etc.). The purpose of my channel is to provide those who do not understand legal proceedings, a free and better understanding and on matters such as litigation involving GTII to offer them opinions to be used or ignored but with the hopes of educating and providing legal insights. Moreover, to impact and influence the Plaintiffs in my action to do the right thing and capitulate to my legal requests by asserting my opinions on issues related to the litigation.. With regard to GTII, I was trying to help shareholders in general by getting GTII management to do the right thing and leave and tried at all times to keep GTII shareholders apprised of the status of all litigation and my opinions stated as such on the impacts of events and filings.

6. It is my understanding and belief that both Mr. Reichman and Mr. Rahbari are public figures. Mr. Rahbari clearly is as he appears or has appeared frequently on television offering his opinions about financial issues. He also runs a public hedge fund (EAI). Mr. Reichman is a flamboyant CEO of a public company who resided at the Beverly Hills Hotel and drives a expensive Bentley in Beverly Hills to be seen. He is also referenced in numerous public filings. He has told many people that he resides at the Beverly Hills Hotel.

7. It should be noted, that in early March 2023, GTII's auditor elected not to renew its engagement. Did they walk away from business because of their knowledge of the facts behind the first downlisting, were they disgusted by the nearly 65 million shares (approximating 100 million dollars) that were given away to insiders, questionable foundations and their affiliates in or about January 25, 2023 or for some other reason? Recall, improperly and possibly constituting criminal securities fraud, approximately 36 million shares were provided to Plaintiffs according to Plaintiffs' counsel in Court for the possible future closure of a transaction that never closed . About half of those shares issued (Why only half?) were cancelled in June 2024 because they were **inadvertently or erroneously issued** (whatever that means as the Nevada judge indicated). (See RJN Part 1 No. 1; RJN Part 2 & 3 & 4 pg1-14 for example) incorporated herein by reference )

8. On <u>2-6-24</u>, the vague date that Plaintiffs suggest the defamatory comments began, I sent GTII and related a <u>legal demand letter</u>. A true and correct copy of that letter is attached hereto as Exhibit 2 and incorporated herein by reference... It is a legal demand, on legal letterhead, I asked Why no deals?" Strongly suggested to aggressively pursue a new deal. What about comments about the CEO? The very last paragraph specifically asserts legal action will be taken unless an explanation is offered by 2-26-24. No full or accurate explanation was ever offered. Between 2-6-24 and today I reached out with questions or concerns to GTII management. **None of the questions have been responded to or negated by management at any time.**

9. With regard to the Las Vegas lawsuit against GTII management, I am one of over two hundred plaintiffs.  That action focuses on noncompliance with filings, issues about share distributions to insiders, questionable foundations, family etc., false disclosures, cash disbursements  and other such issues. Much that I have learned from Las Vegas counsel has supplemented and caused me to confirm my beliefs about GTII management and Mr. Rahbari.  . They failed to address how a company generating zero revenue could be giving any stock to its management.

10. On or about 4-8-2024, consistent with my demand letter of 2-6-24, I filed an action for breach of fiduciary duty et al against DR and others involving GTII. That complaint was provided to Plaintiffs on or about 4-8-2024.  Note that almost all my emails were addressed to both DR, other board members and counsel and then later to LR too.. A true and correct copy of the 4-8-24  complaint is attached to the RJN Part 1 No 2 to the Motion to Dismiss and incorporated herein by reference     . The complaint and the Nevada complaint all arise from the same demand letter that I sent on 2-6-24.. Despite my demand letter and lawsuit and despite  the Nevada matter in which I was also a plaintiff, in early July, despite the pending legal actions, Plaintiffs filed the instant action. The subsequent claims about Rahbari, obviously arise out of the same litigation as that is where Plaintiff brought the Rahbari action too.

11. Because the allegations of the retraction letter  were so vague, I asked for clarification including quotes, sources, and context. Rather than doing that, Plaintiffs filed a complaint. It had worse deficiencies than the letter. They then inappropriately amended to add and correct new claims but left the same deficiencies  in their FAC. The list of purported defamatory statements is attached to the concurrently filed Motion to Dismiss and numbered in order 1-20. Of the 20 purported statements there are about 5 partial quotes. So there are about 15 non quoted statements in lengthy videos without context. They are not even direct nor actionable statements. Most just refer to GTII and no specific names. It is all opinion and stated as such on Knot legal

Advice. There is no showing of causation or harm. How could a zero revenue producing outfit who was non-compliant and untradable and undertaking numerous acts in violation of the law, somehow be harmed by opinions asserting the truth?

12. About two weeks ago Mr. Hedtke, plaintiff's counsel and I had a meet and confer re my response to the FAC. I asked Plaintiffs to dismiss their action during same. I have recently repeated that request. Mr. Hedtke has assisted me with the Served Rule 11 motion, the Motion to dismiss as well as the Current special motion to strike.

13. Attached hereto as Exhibit 3 is a one page response dated March 8, 2024 reflecting that the email was bounced back from GTII.

I declare under penalty of Perjury that the above is true and correct under the Laws of the US and State of California. Executed this 6th day of September 2024. BY

RICHARD HOFMAN

WORD COUNT

A word count was undertaken. Word perfect certifies a total of 2143 words in the declaration

**DECLARATION OF RICHARD HOFMAN IN SUPPORT OF SPECIAL MOTION TO STRIKE**

EX 1



**EPGR** LAWYERS
ENENSTEIN PHAM GLASS & RABBAT

**Orange County Office**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
(714) 292-0262
epgrlawyers.com

Jesse Bolling
Partner
jbolling@epgrlawyers.com

June 21, 2024

**VIA EMAIL AND HAND DELIVERY**
Richard Hofman
Law Offices of Richard Hofman
29219 Canwood Street, Suite 101
Agoura Hills, CA 91301

Re: **Global Tech Industries Group, Inc. / Richard Hofman**

Dear Mr. Hofman,

We are litigation counsel to Global Tech Industries Group, Inc. ("GTII") and are writing with reference to your malicious and wrongful tortious conduct whereby you have repeatedly published and disseminated outrageous false and defamatory statements about our client.

You have repeatedly attempted to besmirch the management of GTII, including but not limited to Chief Executive Officer David Reichman and Chief Operating Officer Luke Rahbari, by wholly fabricating and disseminating patently false statements. By way of example, your repeated suggestions that management is actively engaged in criminal and fraudulent activity are completely and entirely false. You misstate and misrepresent the financial statements of GTII.

You have made numerous false and defamatory statements regarding our client in various social media posts, including but not limited to:

- "Management…is ripping off the shareholders";
- "A lot of people believe that GTII was acting in the best interest of shareholders up to a point and then it appears that something changed and I don't know if that was age if Mr. Reichman is now too old or he has a disease or thinks he does not have long for the world or he's hiding something. I don't know but it clearly appeared that in 2023 things changed…";
- "$4 million in cash … disappeared";
- "[M]ore than 600% shares were given to foundations seemingly owned and controlled by insiders";
- "[T]hese officers and directors are further pressing the stock price down";
- "I didn't want to give [management] the opportunity again to further dilute or steal or misappropriate money from GTII";
- "They [management] looted the blank out of this company";



**EPGR** LAWYERS
ENENSTEIN PHAM GLASS & RABBAT

**Orange County Office**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
(714) 292-0262
epgrlawyers.com

Jesse Bolling
Partner
jbolling@epgrlawyers.com

- "[T]here's concern probably amongst all members [of management] of potential criminal misconduct and they might end up in jail";
- "Executives of GTII might be giving a family member a significant number of shares or selling a sufficient number of shares to permit the buying of real property in California";
- "Senior management may not be mentally competent and they were ripping everybody off";
- "It looks like they [management] engage in criminal conduct";
- "It appears that there has been a crime committed to retail investors as orchestrated by Senior management";
- "GTII management and their agents are just too concerned about going to jail";
- "Somebody's going to go to jail";
- "[Reichman] is doing things for probably improper purposes and he may be diverting assets";
- They [management] are no longer out for the interest of shareholders, they are out for their own personal interest";
- "I assert that none of these people have good faith, especially the CEO";
- [Luke Rahbari does not have] the best interests of shareholders in mind";
- "Senior management continues to loot the company";
- "[Management] attempt[ed] to kind of cleanse the crime scene"; and
- "[Management issued] counterfeit shares."

You should be aware that such statements accusing or attributing our client of fraudulent or criminal conduct constitute defamation *per se*, and will subject you to significant liability. (See e.g. *Goehring v. Wright* (N.D. Cal. 1994) 858 F.Supp. 989; Cal. Civ. sections 44-46; *Fisher v. Larsen* (1982) 138 Cal.App.3d 627, 188 Cal.Rptr. 216, certiorari denied 104 S.Ct. 390, 464 US 959, 78 L.Ed.2d 335; *Axelbank v. Rony* (9th Cir. 1960) 277 F.2d 314; *Rider v. Superior Court* (1988) 199 Cal.App.3d 278, 244 Cal.Rptr. 770; Cal. Civ. Code section 46 ("Slander is a false and unprivileged publication…which: 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime…"). This is precisely what you have done by telling third parties that GTII is grossly mismanaged and is engaged in criminal activity and misconduct. Your statements are further defamatory, as they are aimed at undermining management and disqualifying them from being able to execute their functions. (*Balla v. Hall* (App. 4 Dist. 2021) 273 Cal.Rptr.3d 695; *Hanley v. Lund* (App. 2 Dist. 1963) 218 Cal.App.2d 633, 32 Cal.Rptr. 733; Cal. Civ. Code section 46 (Slander is a false and unprivileged publication…which: … 3. Tends to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or



2



**Orange County Office**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
(714) 292-0262
epgrlawyers.com

Jesse Bolling
Partner
jbolling@epgrlawyers.com

other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits…".)

Your conduct in making and disseminating these falsehoods and lies constitutes actionable libel and slander, as well as tortious interference with our client's business relations. We also understand that you have obtained non-public information regarding our client in violation of certain non-disclosure agreements with third parties, which may also render you liable for aiding and abetting a breach of contract or fiduciary duty.

Your actions have caused, and continue to cause, substantial damage to our client. Your repeated and continued publication of these statements subjects you to liability for substantial compensatory and punitive damages.

Accordingly, we hereby demand that you cease and desist from further disseminating these statements in whole or part, or any other false defamatory statements concerning GTII, and immediately remove the statements and corresponding posts from your social media and any other pages and locations. We also demand that you immediately turn over to us all communications you have had with any third parties concerning our client, including shareholders, vendors, or potential investors and affiliates.

We further demand that you immediately post on your social media a prominent and appropriate retraction to your statements and apology to set the record straight.

Our client will not tolerate such callous publication of damaging lies. It is clear you are engaging in subterfuge in an attempt to destroy GTII. You will be held accountable for the consequences of your wrongful conduct. Should you fail to remove the false statements, and post a clear retraction, we will have no other alternative but to take action to protect and enforce all of our client's rights and remedies, including but not limited seeking compensatory and punitive damages, as well as injunctive relief.

We demand that you confirm in writing no later than the close of business on Wednesday, June 26, 2024 that you will comply with each of the foregoing requests. If you fail to comply with the foregoing, you will be acting at your own peril. We caution you to act accordingly.

/ / /

/ / /

/ / /





**Orange County Office**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
(714) 292-0262
epgrlawyers.com

Jesse Bolling
Partner
jbolling@epgrlawyers.com

This letter does not constitute a complete or exhaustive statement of all of our client's rights or claims, and nothing stated herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of our client's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

Regards,

**ENENSTEIN PHAM & GLASS, LLP**

By: _____

Jesse K. Bolling

cc:

 Gmail

Richard Hofman <hofman.r@gmail.com>

## re: 3174.001 - Global Tech Industries Group, Inc. / Richard Hofman

**Richard Hofman** <hofman.r@gmail.com>
To: Celeste Nguyen <cnguyen@epgrlawyers.com>                                    Sun, Jun 23, 2024 at 6:54 AM
Cc: Jesse Bolling <jbolling@epgrlawyers.com>, Michael Pinto <mpinto@epgrlawyers.com>

You had a process server come to my house at 630am on a Sunday morning to serve me a copy of a letter I already received. Pure harassment that will be dealt with. Have a great day and I will respond to your letter in a timely fashion. Have a great Sunday.

RICHARD HOFMAN ATTORNEY AT LAW
29219 CANWOOD ST., NO. 101,
AGOURA HILLS, CA 91301
Hofman.R@gmail.com
818-203-6777

[Quoted text hidden]

 Gmail

Richard Hofman <hofman.r@gmail.com>

---

### re: 3174.001 - Global Tech Industries Group, Inc. / Richard Hofman

**Richard Hofman** <hofman.r@gmail.com>
To: Jesse Bolling <jbolling@epgrlawyers.com>                    Mon, Jun 24, 2024 at 4:16 PM
Cc: Celeste Nguyen <cnguyen@epgrlawyers.com>, Michael Pinto <mpinto@epgrlawyers.com>

Good afternoon.
    The letter was served by email on Friday and physically addressed to my
office, **not my home**. There was <u>no need</u> to have someone threaten me
(their suspicious presence on the early morning of 6-23 agitating my dogs
and neighbors, your knowledge of where I live and the letter itself) **on a
<u>Sunday morning at 630am at my home</u>**. That is abusive and an abuse of
process as I will explain when needed (and there will be separate counsel
when needed on David's dime or whoever is actually fronting the bill).  I
have yet to decide how to handle that wholly inappropriate intrusion
(although it has already been discussed with counsel(s)).
    Also, in my email response, you gave me until a certain time to respond
and I said I would respond in that time frame. Have a great day. Richard


    PS **NOTICE FROM GTII SHAREHOLDERS TO EPGR LAW FIRM**-As
obviously there are questions related to the issuance of shares at
GTII (resulting already with the cancellation of 36 million shares) if
you are being paid in GTII shares BY ANYONE, I demand that you
not sell any such potentially unlawful shares and provide notice if
your compensation is in the form of GTII shares. Additionally, if you
are being paid in cash, there appear to be monies in 2023 that have
not been explained and have created unexplained decreases in the
cash position. Especially in light of the auditing issues with Borgers,
we demand that you hold and not spend any cash or cash
equivalents provided to you by GTII or any of its representatives. I,
on behalf of all shareholders, also request that if you are being paid
in cash by GTII or its representatives, that you advise GTII
shareholders of that immediately.


CC-Counsel
[Quoted text hidden]
--
[Quoted text hidden]

 **Gmail**

Richard Hofman <hofman.r@gmail.com>

---

## re: 3174.001 - **Global Tech Industries Group, Inc. / Richard Hofman**

---

**Richard Hofman** <hofman.r@gmail.com>
To: Jesse Bolling <jbolling@epgrlawyers.com>, Celeste Nguyen <cnguyen@epgrlawyers.com>, Michael Pinto <mpinto@epgrlawyers.com>

Wed, Jun 26, 2024 at 5:14 PM

Dear All:

    I indicated I would respond in the time frame requested (although I deem it and the request wholly inappropriate, the Sunday intrusion as previously referenced actionable & it should be noted that **Your office and clients made me feel unsafe and in danger on Sunday**) here is my initial response.

    Until you provide complete information the references in your 6-21 letter do not provide enough context to analyze as framed.  For example:

1. Many are incomplete;
2. Some leave out words;
3. None indicate the source;
4. None indicate the context of the purported remark;
5. None indicate if it was purportedly made within a larger remark and what that remark was;
6. None of them indicate the date of the alleged remark;
7. None indicate the time of the purported remark;
8. None indicate the source of the purported remark;
9. None indicate if the remark was transcribed  and by whom and when;
10. None indicate how the purported alleged statements were false.
11. You have failed to indicate how when using parentheses what that is supposed to indicate or omit;
12. You have failed to indicate when using ... what that signifies;
13. None indicate whether the purported remark is oral or written;
14. You have failed to certify that these are direct and accurate quotes of the language purportedly asserted and who is specifically certifying the accuracy;
15. An evaluation of conditional language is missing as well as several obvious legal principles implicated  by your assertions.

16. I reiterate my request for clarity of the <u>source of payment of your legal fees</u> in light of the recent events involving the cancellation of shares (erroneous or inadvertently issued and others) and lack of clarity with regard to the disposal of cash at GTII. I request that you advise any relevant Court of those issues as well as all shareholders of GTII in an SEC disclosure filing.

I would strongly suggest being very cautious in responding to my request (other than the attorney fee issue) as you may need more time than you initially think to fully evaluate your own positions taken in your own letter. R

CC: Counsel(s)

[Quoted text hidden]

EX 2

LAW OFFICES OF HOFMAN & ASSOCIATES

29219 CANWOOD ST., SUITE 101, AGOURA HILLS, CA. 91301

818-203-6777; HOFMAN.R@GMAIL.COM


VIA email and mail—        2/6/24    DEMAND---


GLOBAL TECH INDUSTRIES GROUP (GTII)

C/O  David Reichman CEO @david@gtii-us.com

Kathy Griffin-Pres and Board member @kathy@gtii-us.com

Counsel: WARREN R. MARKOWITZ,ESQ  MARKOWITZ.COMWARREN@WARREN


VIA MAIL 511 SIXTH AVE, NY, NY 10011


Re: Breach of Fiduciary Duty & Legal Demand re GTII


    Dear MADAM & SIRS:

    I am a GTII shareholder &have been approached and discussed this matter with others and other counsel. Before I take and coordinate further action, I thought it worth while to reach out one last time.

    I realize that in fact that GTII is an incubator for other opportunities. GTII, without significant income or engagements, has been dramatically targeted by short interests (some of which were deemed to be illegal). Notwithstanding  attempts to isolate Alpine, the shorts, without any story of future value being presented by management, have continued to target  GTII stock. The share value  has continued to dip lower. As a result  of your inaction to make the business work, my stock value (and that of others) has plummeted to just over 20 cents per share.

    My understanding is that top management, and in particular the CEO, perhaps to retain some level of control (contrary to his fiduciary duty to shareholders) has not only turned down several viable and valuable deals that would benefit shareholders, but recently the named GTII individuals on this letter received share distributions further diluting the interests of shareholders like yours truly. We do not believe there was full disclosure provided in light of  management's refusal to engage in combinations or other transactions that benefit shareholders (and the apparent control issues).

    Recently, in Delaware, under similar circumstances, and after incurring tens of millions of dollars in legal fees, a Judge ruled that in a conflicted controller situation overall fairness, a stringent standard ,would be used. Using that standard, the Court ruled that the grant of options to Mr. Elon Musk was not fair and rescinded the grant of options. We think that same logic can be utilized to strip away any unfair



distribution of stock to officers and directors. Moreover, intentional misconduct is not insured against and defense costs seemingly covered per D&O policies have apparently been clawed back before.

It appears to me, factually, especially in not engaging in good faith negotiations on prospective business dealings, that there has been a complete violation of the named parties fiduciary duties owed to shareholders. We do not know if the named parties financially benefited in not proceeding with viable TRANSACTIONS for GTII, BUT SHOULD THIS MATTER NEED TO BE LITIGATED, WE WILL SEEK TO PURSUE ALL ENTITY AND PERSONAL "financial records" to complete a full accounting.

Although we are ready, willing and able to move forward against the GTII addressee's of this letter, that is not our primary interest. Our primary interest is seeing to it that the CEO and BOARD aggressively and immediately execute an agreement for an acquisition, combination , merger or any similar transaction for a TRANSACTION PASSING MUSTER AND THAT BENEFITS GTII AND Shareholders (especially in light of the seeming manipulated current depressed price of the stock).

We will give you 20 days from the date of this letter to provide proof that you are seriously, prudently and aggressively completing such a transaction (and with details and documentation as to when such a transaction will close). **Until the end of 2-26-2024, we will take no further legal action**.

Should you elect not to comply with this request, we will consider that as a further breach of your fiduciary duties and evaluate all remedies against all named parties including, **but not limited to, general and special damages, punitive damages, costs and fees  and the involuntary removal of officers and directors**. I hope it does not come to that but we are ready, able and willing to move forward as such  in light of the lack of good faith performance by management and the Board to date..

You have until 2-26-2024 to report back. Thanks, Richard Hofman



EX 3

 Gmail

Richard Hofman <hofman.r@gmail.com>

## GTII OFFICERS AND DIRECTORS-NOTICE OF DISCLOSING REPRESENTATIONS OF GTII RE IMPENDING TRANSACTION

**Info** <info@gtii-us.com>
To: Richard Hofman <hofman.r@gmail.com>

Fri, Mar 8, 2024 at 5:02 PM

Hello,

Thank you for contacting Global Tech Industries Group. The mailbox you have reached is not monitored, and your inquiry may not receive a response. To see our Frequently Asked Questions, please visit our website at the following link: https://www.gtii-us.com/#FAQs

Sincerely, Global Tech Industries Group

**From:** Richard Hofman <hofman.r@gmail.com>
**Sent:** Saturday, March 9, 2024 1:02:17 AM
**To:** David Reichman <david@gtii-us.com>; Kathy Griffin <kathy@gtii-us.com>; Info <info@gtii-us.com>
**Subject:** GTII OFFICERS AND DIRECTORS-NOTICE OF DISCLOSING REPRESENTATIONS OF GTII RE IMPENDING TRANSACTION

[Quoted text hidden]

