RICHARD HOFMAN ESQ. SBN 110692
29219 CANWOOD ST, NO 101,
AGOURA HILLS, CA 91301
Tel:   (818) 203-6777
EMAIL: Hofman.R@gmail.com

FOR Defendant

UNTIED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL TECH INDUSTRIES GROUP ET AL<br><br>Plaintiffs,<br><br>V.<br><br>RICHARD A. HOFMAN ET AL.<br><br>Defendants. | Case No.  2;24-CV-05615-HDV-MAAx<br><br>**Supplement to NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PER CCP425.16**<br><br>**SANCTIONS INCLUDING TERMINATING SANCTIONS REQUESTED AGAINST**<br><br>GLOBAL TECH INDUSTRIES GROUP, David Reichman, Luke Rahbari and Jointly the Law Offices of ENESTEIN, PHAM GLASS & RABBAT PER 425.16 IN THE AMOUNT OF $5,044<br><br>Date:  -10-24--2024<br>Time:    10AM<br>  CTRM: HON JUDGE VERA<br>CR 5B 5TH FL  350 W 1ST  LA, CA 90012 |

TO THE HONERABLE COURT & TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

1

**SUPPLEMENT TO NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PER CCP 425.16**

## SUMMARY

This supplement (Hofman requests that RJN NO 5 filed with regard to the Motion to Dismiss be given Judicial Notice by the Court as to the instant motion) provides compelling arguments why Plaintiffs actions herein must fail **without the need for any further fact finding**. It is impossible for Plaintiffs under all of the circumstances to establish any likelihood that they would prevail in this matter notwithstanding the absolute conflict of interest Plaintiffs have as referenced below..

On 9-18-2024 the Court in Nevada entered the final order (including findings of fact and conclusions of law-Hofman is one Plaintiff) with regard to the Lawsuit brought by Shareholders (including Defendant in the instant action herein Hofman) against GTII and its Board and imposing a receivership for the various specified acts of misconduct publicly disclosed and perpetrated by management. Management of GTII is referenced and defined in page 2 No 2 of the order (attached to the Request for Judicial Notice Part 5 filed concurrently herewith) and includes all of the individual plaintiffs in the instant action.

For example, **by filings, Mr. Rahbari has been COO of GTII since 4-1-24,- months prior to the downlisting of GTII for being non-compliant in its filings. How about both individual Plaintiffs herein disregarding the interests of GTII shareholders and using conflicted counsel to harm GTII shareholders (See Below)?**

Involving the same parties, during the same time periods, involving the same facts, the Court in Nevada has already made final and binding determinations of fact that apply against all Plaintiffs in the instant action. Not only has the Court (**Res Judicata and Collateral estoppel**) made findings of fact, but the allegations and conclusions of misconduct found by the Nevada Business Court involving the very same situations as in the instant (and with the same Counsel representing the Reichman group in both actions) as a matter of law, preclude liability herein for any claim (notwithstanding any applicable privileges, anti-Slapp, Rule 11 etc.).

**There needs to be no further action or fact finding as that has already been decided. Plaintiffs herein cannot prevail on the merits as a matter of law (this is irrespective of the litigation privilege**

**and other defenses asserted that also completely defeat Plaintiffs' claims as a matter of law even before getting to this).**

Moreover, the Court in Nevada has already concluded that misconduct has occurred involving all management of GTII, <u>much more severe and specific</u> then any purported non-specific opinions offered by Hofman in the instant action (which he disputes are actionable or accurate but is assumed to have been made for this argument). Thus the truth of the allegations purportedly asserted by Hofman have already been established as being substantially correct constituting another complete defense. Notwithstanding that, Even if Hofman was not substantially correct in his stated opinions and somehow they were deemed potentially actionable, he only had to be at most <u>not negligent</u> in making those conclusions or for public figures like Mr. Rahbari (and Reichman too) not offer material actionable statements intentionally knowing they were false.

Again, notwithstanding everything else, how could Hofman have been negligent (and certainly could not have acted wrongfully and intentionally) where another Court and Judge has determined, after full briefing and hearings, that the Plaintiffs herein were actually guilty of Gross mismanagement, conversion of company assets, self-dealing, securities violations, filing false disclosures, causing huge losses, etc. (See RJN Part 5 Para. 3-4, 6-15, 17, 19-20) far beyond what Hofman is purported to have asserted. Just those findings alone **(notwithstanding all of Hofman's other arguments)** require Hofman to prevail on this Motion **without any further fact finding**. It's not only that Hofman was not negligent (the Nevada Court's findings establish that) but well beyond that, any claimed opinions targeted by Plaintiffs are substantially true and accurate.

### IMPROPER ABSOLUTE NON-WAIVABLE CONFLICT OF INTEREST

For whatever reason (this is also incorporated herein by reference in the already served but not yet filed Rule 11 Motion), Plaintiffs herein, in an effort to harass, intimidate and shut Hofman up, have taken actions that no legitimate party would undertake.

1. As previously reflected, Plaintiffs served Hofman with a copy of an **already emailed** incoherent retraction letter. The problem was that Hofman was accosted by a process server at his home on a

Sunday morning at 630am **at an address not reflected on the letter (nor ever sent to the address on** the letter). Clearly, and the only reasonable conclusion that can be drawn from such indefensible misconduct, is that Plaintiffs herein were, and are, attempting to harass and intimidate Hofman.

2. If that was not enough evidence of Plaintiffs' bad faith motives (Hofman has asked Plaintiffs to dismiss their frivolous and harassing action on numerous occasions) under what American legal system handling the Hofman action **could counsel represent both GTII and two current officers and directors against Hofman (a GTII shareholder)? It is an obvious conflict of interest depleting the assets of GTII** and harming its shareholders. However, that is not where it stops (and again this was confirmed by the 9-18 order). The Same Counsel representing the three plaintiffs with conflicting interests in the Hofman action (to the detriment of and targeting Hofman and GTII shareholders) represents Officers and Directors of GTII as Defendants in a DERIVATIVE action brought by GTII shareholders for the benefit of GTII in Nevada (which the Court was asked to take Judicial Notice of and can)

Thus, not only is there an absolute conflict of interest in counsel representing conflicting Plaintiffs in the instant, but that representation of GTII in the Hofman action is directly contrary to the interests of GTII shareholders in the Nevada action. **The improper representation is also likely to have leaked information and strategies to Plaintiffs that harms GTII shareholders**.

**It is not possible to waive such a conflict nor has anyone requested a conflict waiver from GTII shareholders.** It is absolutely and completely improper and obviously also constitutes (independent of all the management misconduct found by the Courts and with more misconduct to be analyzed) a current and ongoing **breach of fiduciary duty against current management**. This supports Hofman's claims that he has been improperly targeted by Plaintiff individuals herein & provides further support that the baseless and incoherent claims offered by current officers, directors and board members is only designed to harass and shut Hofman up.     Clearly an improper purpose and not in the interests of GTII shareholders.

## CONCLUSION

Based on res judicata and Collateral estoppel, based on an Obvious and damaging conflict of interest, and separately based on the Nevada Court's findings on their own, not only has the truth far beyond any allegations asserted against Hofman been established in Hofman's favor, but even if not yet determined in California, the Nevada Court's own conclusions, involving the same parties and issues, and same counsel for all Plaintiffs herein, establish as a matter of fact and law that Hofman could not have been negligent in offering any of the substantially true statements of non-actionable opinions (targeted in an incoherent manner in Plaintiffs' third attempt to state valid claims). This is in addition to all the other defenses asserted by Hofman and only needs to be considered if all other arguments offered by Hofman fail.

Hofman requests that this action be dismissed with prejudice.

Dated: 9-22-24

_____
RICHARD HOFMAN IN PRO SE

## WORD COUNT

_A WORD count was undertaken as to this filing. The count reflected a total of 1369 words.

Dated:

_____
RICHARD HOFMAN